NOT FOR PUBLICATION (Document No. 8)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| RONALD C. LYNCH, | : | |
| | : | Civil No. 12-637 (RBK/KMW) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| G. WILLIAM BASINGER and | : | |
| COUNTERVAIL CORPORATION, | : | |
| | : | |
| Defendants | : | |

**KUGLER**, United States District Judge:

This matter arises out of Plaintiff Ronald Lynch's ("Plaintiff") claims against Defendants G. William Basinger and Countervail Corporation (collectively, "Defendants") for reinstatement, trademark infringement, an accounting, inspection rights, and defamation. Currently before the Court is Defendants' motion to dismiss Plaintiff's Complaint. For the reasons stated below, the Court finds that Plaintiff has failed to allege facts giving rise to any plausible claim for relief. Accordingly, the Court will dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).

**I.     FACTS AND PROCEDURAL HISTORY**[1]

---

[1] For purposes of deciding a defendant's motion to dismiss a plaintiff's complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6) or for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), the Court accepts as true the factual allegations stated within the complaint. *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (discussing Rule 12(b)(6)); *Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir. 2008) (discussing Rule 12(b)(2)).

Plaintiff and Defendant Basinger were both involved in the creation of Countervail Corporation, a "start-up company engaged in the development and manufacture and sale of drugs intended as an antidote and treatment to toxic chemical and biological agents." Amended Compl. ¶ 4. The company was in the process of developing a drug called AverTox. *Id.* at ¶ 30.

Before the Countervail's incorporation, Plaintiff helped to develop initial drafts of the company's corporate governance documents. He also engaged startup investors. *Id.* at ¶ 10. Once Countervail assumed corporate status, Plaintiff served as a board member, Chief Operating Officer, and President. *Id.*

Defendant Basinger became CEO of the company in 2007. *Id.* at ¶ 11. During his tenure, he refused to meet with Plaintiff regarding the business; specifically, he refused to discuss with Plaintiff the issue of purchasing proper business insurance. *Id.* at ¶¶ 13-15.

In February 2011, Defendant Basinger allegedly "orchestrated the ouster" of Plaintiff from his position as President, Chief Operating Officer, and Board Member of Countervail. *Id.* at ¶ 17. In addition, Defendant Basinger moved the company's office of record from Camden, New Jersey to Charlotte, North Carolina. *Id.*

Plaintiff filed suit against Defendants in February 2012, asserting a number of claims. First, he states that his removal as a corporate officer of Countervail did not comply with Delaware law, the state in which the company was incorporated. *Id.* at ¶¶ 18-19. He therefore asks the Court to direct Defendants to restore him to his previous positions with the company. Second, Plaintiff asserts a claim under the Lanham Act. 15 U.S.C. § 1501 *et seq.* Plaintiff asserts that he registered the trademark in his and Defendant Basinger's name and that subsequent to the initial registration Plaintiff has "continued to personally pay [more than $2,000] for extensions to protect the trademark without contribution from [Defendant]

2

Basinger." Amended Compl. ¶ 30.  Thus, Plaintiff asks the Court for certain relief to protect his apparent rights and interests in the trademark.  Third, Plaintiff seeks an accounting of how Defendants have used corporate funds since Plaintiff's removal as a corporate officer.  *Id.* at ¶ 38.  Fourth, Defendant asserts largely the same claim to gain "full and accurate access to the corporate records" under Section 220 of the Delaware Chancery Code.  Del. Code Ann. tit. 8 § 220 (2011).  Fifth, Plaintiff alleges that Defendant Basinger made defamatory statements about Plaintiff in an effort to obtain the proxies of other shareholders.  Amended Compl. ¶ 45.

Defendants have since filed the instant motion to dismiss.  They offer three principal arguments in support of their motion.  First, they assert that the Court lacks personal jurisdiction over both Defendants.  Second, they claim that venue is improper.  Third, they state that all five of Plaintiff's claims must fail because, as pled, they fail to constitute claims upon which relief can be granted.  *See* Fed. R. Civ. P. 12(b)(6).

## II.     DISCUSSION AND ANALYSIS

### A.  Personal Jurisdiction

On a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing such jurisdiction.  *Mellon Bank (East) P.S.F.S. v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992).  However, when the factual record contains only pleadings and affidavits, this burden involves establishing only a prima facie case that personal jurisdiction exists over the defendant.  *Fiscus v. Combus Finance AG*, No. 03-1328, 2006 WL 1722607 at *3 (D.N.J. June 20, 2006).

Because it sits in New Jersey, this Court's exercise of personal jurisdiction over an out of state defendant must comply with that state's long arm statute.  Fed. R. Civ. P. 4(k)(1)(A).  The New Jersey statute, however, is "intended to extend as far as is constitutionally permissible."

*DeJames v. Magnificence Carriers, Inc.*, 654 F.2d 280 (3d Cir. 1981).  Thus, the Court applies general principles of federal constitutional law in order to determine whether it may exercise jurisdiction over Defendants.

The exercise of personal jurisdiction over a non-resident defendant depends upon whether that defendant has established "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Telcordia Tech Inc. v. Telkom SA Ltd.*, 458 F.3d 172, 177 (3d Cir. 2006) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).  In particular, when a defendant establishes such minimum contacts, the Court may exercise so-called "specific personal jurisdiction" over that defendant for claims arising out of those contacts.  *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 149 (3d Cir. 1992).  In determining whether specific personal jurisdiction exists in a given claim, the principal inquiry is whether the defendant, by some affirmative act, has "purposely avail[ed] itself of the privilege of conducting activities within the forum state." *Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 482 (3d Cir. 1993) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).

In this case, Defendants argue at length that the Court is without jurisdiction over their person because "[t]he Amended Complaint is devoid of any allegations which suggest that either Basinger or Countervail, other than employing Lynch, ever engaged in any significant activities creating continuing obligations in New Jersey, such as to purposely avail itself of the privilege of conducting business in New Jersey."  Def.'s Br. in Support of Mot. to Dismiss 6.  The Court is puzzled as to how Defendants arrive at that conclusion.  It is clear from the Complaint that up until the time Plaintiff was removed from his position with the company, the "principal executive offices" of Countervail were located in Camden, New Jersey.  Amended Compl. ¶ 4.  Further, it

4

is alleged that Defendant Basinger moved the office of record from Camden to Charlotte, North Carolina on February 9, 2011. *Id.* at ¶ 17. Thus, it appears that Defendants Countervail and Basinger had established sufficient contacts with the forum state by maintaining a prolonged physical presence there. Because Plaintiff's claims arise directly out of both Basinger's and Countervail's contacts with New Jersey, the Court may exercise specific personal jurisdiction over these Defendants. *See Carteret Sav. Bank*, 954 F.2d at 149. For these reasons, Defendants motion to dismiss for lack of personal jurisdiction will be denied.[2]

## B. Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To make this determination, a court conducts a three-part analysis. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* (quoting *Iqbal*, 556 U.S. at 675). Second,

---

[2] For these same reasons, Defendants' motion to dismiss for improper venue will also be denied. That is, contrary to Defendants' assertion that "the events or omissions giving rise to Plaintiff's alleged claims occurred in states outside of the forum," Def.'s Br. in Support of Mot. to Dismiss 7, Plaintiff's complaint clearly states that it wasn't until *after* Plaintiff was allegedly removed from his position as President and Chief Operating Officer of the company that the company's operations were moved from Camden, New Jersey to Charlotte, North Carolina. Amended Compl. ¶¶ 4, 17. As Plaintiff's removal from Countervail's management team constitutes an "event . . . giving rise to the claim," and because such removal apparently occurred in New Jersey, the requirements of the venue statute are satisfied. *See* 28 U.S.C. § 1391(a)(2) (2006).

the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 131 (quoting *Iqbal*, 556 U.S. at 680). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.* (quoting *Iqbal*, 556 U.S. at 680). This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A complaint cannot survive where a court can only infer that a claim is merely possible rather than plausible. *Id.*

    *i.*    *Trademark Infringement*

It appears from Plaintiffs' complaint that he is asserting a claim for trademark infringement under the Lanham Act. 15 U.S.C. § 1051 *et seq.* (2006). In order to state an infringement claim under the Act, a plaintiff must allege that "(1) it has a valid and legally protectable mark; (2) it owns the mark; and (3) the defendant's use of the mark to identify goods or services causes a likelihood of confusion." *A&H Sportswear, Inc. v. Victoria's Secret Stores, Inc.*, 237 F.3d 198, 210 (3d Cir. 2000).

Under the statute, a plaintiff may establish the first two elements by alleging that the mark is registered upon the Principal Register of the U.S. Patent and Trademark Office. *CSC Holdings, LLC v. Optimum Networks, Inc.*, 731 F. Supp. 2d 400, 406 (D.N.J. 2010) (citing 15 U.S.C. §§ 1057(b), 1115(a)-(b)); *Commerce Nat'l Ins. Serv., Inc. v. Commerce Ins. Agency, Inc.*, 214 F.3d 432, 438 (3d Cir. 2000)). However, the mere filing of a federal trademark application is not enough; the statutory presumption does not apply until the trademark registration actually issues. *S Indus., Inc. v. Diamond Multimedia Sys., Inc.*, 991 F. Supp. 1012, 1019 (N.D. Ill. 1998)

(citing *Hydro-Dynamics, Inc. v. George Putnam & Co., Inc.*, 811 F.2d 1470, 1472 (Fed. Cir. 1987)).

In this case, Plaintiff makes very limited factual allegations to support his trademark infringement claim. Plaintiff registered the trademark for AverTox in both his and Defendant Basinger's names. Amended Compl. ¶ 30. Plaintiff has paid over $2,000 for extensions to protect the trademark. *Id.* Other than that, however, there are no other factual allegations regarding what Defendants actually did to allegedly infringe upon Plaintiff's right of ownership in the trademark. Specifically, there are no allegations concerning Defendants' current use, if any, of the AverTox mark, nor is there any showing of confusion that could result from such use. Thus, without more, Plaintiff's claim for trademark infringement is deficient, and must be dismissed without prejudice.

    ii.    *Reinstatement*[3]

Rather than constituting its own cause of action, reinstatement is an equitable remedy that a court may order under certain conditions. In this case, Plaintiff asserts that he was wrongfully terminated from his position at Countervail. Amended Compl. ¶ 25. Specifically, he alleges that his removal did not comport with Delaware law, the state in which the company is incorporated. These are the types of conclusory allegations that do not state a claim for relief "that is plausible

---

[3] The claims considered in subsections *ii-iv* all concern state law causes of action. Of course, when the Court hears claims under its diversity jurisdiction, 28 U.S.C. § 1332 (2006), it is bound to apply state substantive law. *Gasperini v. Ctr. for Humanities*, 518 U.S. 415, 427 (1996). In choosing which state's law to apply, the Court employs the choice-of-law rules of the jurisdiction in which it sits. *Garcia v. Plaza Oldsmobile Ltd.*, 421 F.3d 216, 219 (3d Cir. 2005) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)). In this case, neither party expresses any direct opinion about which state's law should apply to Plaintiff's claims for an accounting, reinstatement, or defamation. However, Defendants, in their discussion of Plaintiff's defamation claim, cite to New Jersey state court cases. This is at least an implicit indication that Defendants believe New Jersey substantive law should apply in the current context, and Plaintiff does not dispute this point. With the parties in apparent agreement, the Court likewise finds that, under New Jersey's "most significant relationship" choice-of-law test adopted from the *Restatement (Second) of the Conflict of Laws*, the facts alleged in Plaintiff's Amended Complaint call for application of New Jersey law to his state law claims. *See P.V. ex rel. T.V. v. Camp Jaycee*, 962 A.2d 453, 458 (N.J. 2008) (directing a court to consider (1) the place where the injury occurred; (2) the place where the conduct causing the injury occurred; (3) the domicile, residence, nationality, place of incorporation, and place of business of the parties; and (4) the place where the relationship, if any, between the parties is centered).

on its face." *See Iqbal*. Without a properly asserted underlying substantive cause of action, Plaintiff's prayer for the remedy of reinstatement cannot survive. Thus, the cause of action for reinstatement will be dismissed.

   *iii.* *Accounting*

As with his action for "reinstatement," Plaintiff's cause of action for an accounting appears to constitute a prayer for certain equitable relief rather than a independent cause of action. That is, Plaintiff claims that it was his alleged wrongful removal from Countervail that caused him to lose access to the corporation's books and records. Amended Compl. ¶ 36. Seen in this light, then, his entitlement to the remedy of an accounting will depend on whether he has stated a plausible claim for wrongful termination. As noted in subsection *ii* above, Plaintiff has failed to make this showing. Thus, his action for an accounting will be dismissed.

   *iv.* *Defamation*

Defendants rightly point out that, under New Jersey law, a Plaintiff asserting a claim for defamation must identify the alleged defamatory statements with sufficient specificity. Def.'s Br. in Support of Mot. to Dismiss 11 (citing *F.D.I.C. v. Bathgate*, 27 F.3d 850, 875 (3d Cir. 1994)). In his amended complaint, Plaintiff states only that Defendant Basinger made "one or more defamatory statements about [him]" concerning Plaintiff individually and his role in the company. Amended Compl. ¶¶ 45-46. These assertions are the sort of bare conclusions that fail to satisfy the pleading requirements of a defamation claim under New Jersey law. Thus, Plaintiff's defamation claim will be dismissed.

   *v.* *Section 220 Inspection Claim*

Lastly, Plaintiff seeks to inspect Countervail's records under section 220 of the Delaware Corporate Code. That provision vests stockholders of Delaware corporations with the right to

inspect various corporate documents if certain requirements are met. Del. Code Ann. tit. 8 § 220 (2011).

Defendants argue that Plaintiff has not properly alleged that he has met such requirements. However, Defendants miss the more immediate point: Section 220 vests the Delaware Court of Chancery with "*exclusive jurisdiction* to determine whether or not the person seeking inspection is entitled to the inspection sought." *Id.* § 220(c) (emphasis added). Thus, this Court lacks subject matter jurisdiction to adjudicate Plaintiff's Section 220 inspection rights claim, and therefore it must be dismissed. *Accord Reserve Solutions, Inc. v. Vernaglia*, 438 F. Supp. 2d 280, 289 (S.D.N.Y. 2006); *Yale South Corp. v. Eclipse Services, Inc.*, No. 10-337, 2010 WL 2854687 at **3-4 (N.D. Okla. July 19, 2010).

## IV. CONCLUSION

For the reasons stated above, all of Plaintiff's causes of action fail to state a claim upon which relief can be granted. Thus, Defendants' motion to dismiss will be granted. *See* Fed. R. Civ. P. 12(b)(6). The Court will issue an appropriate order.

Dated:  12/12/12     /s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge